**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| STEVEN CARD,<br><br>               Plaintiff,<br><br>vs.<br><br>LOVE'S TRAVEL STOPS &<br>COUNTRY STORES, INC.<br><br>               Defendants. | **JURY TRIAL DEMANDED**<br><br>CIVIL ACTION<br>FILE NO. _____ |

**COMPLAINT**

COMES NOW Steven Card, Plaintiff, and files this complaint against Defendant Love's Travel Stops & Country Stores, Inc. as follows:

**PARTIES AND JURISDICTION**

1.

Plaintiff is a citizen of the State of Georgia and resides in this state and is subject to the jurisdiction of this court.

2.

Defendant Love's Travel Stops & Country Stores, Inc. ("Loves Travel Stops") is a foreign corporation, existing under the laws of the State of Oklahoma with its principal place of business in the State of Nebraska and is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the

summons and complaint on its registered agent for service, CT Corporation System, at 289 S. Culver St. Lawrenceville, GA 30046 and is subject to the jurisdiction of this court.

3.

There exists complete diversity among the parties and the amount in controversy exceeds $75,000 exclusive of interests and costs.

4.

Jurisdiction is proper pursuant to 28 U.S.C. § 1332, and venue is proper in this Court as Plaintiff resides in Henry County, Georgia.

## BACKGROUND

5.

On or about February 12, 2019, Michael Foley was driving a tractor-trailer southbound on I-75 when two right rear tires on his trailer detached and one tire crossed the median into the northbound lanes of travel.

6.

Prior to the wheels/tires coming off the trailer driven by Michael Foley, Defendant Loves Travel Stops had negligently performed an inspection, repair, maintenance, and/or replacement of the wheels/tires that came off the trailer.

7.

At the time the tires detached, Plaintiff was driving a tractor trailer vehicle northbound on I-75 and the detached tire came across the median and slammed into Plaintiff's cab and penetrated the windshield.

8.

Plaintiff came to a rest in the far-right lane of I-75.

9.

As a result of the collision, Plaintiff suffered severe and permanent injuries, including severe damage to his neck requiring surgical repair.

## **COUNT I – NEGLIGENCE**

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 9 above as if fully restated.

11.

Defendant Loves Travel Stops was negligent in failing to conduct an appropriate inspection of the subject trailer, failing to recognize that there was a problem with the wheels/tires on the trailer, and failing to properly repair, replace, and/or affix the subject wheels/tires on the trailer.

12.

Defendant Loves Travel Stops was negligent in permitting the trailer to depart its facility with a mechanical problem that it knew or should have known existed.

13.

Defendant Loves Travel Stops was negligent in failing to warn the owner and/or driver of the trailer that the wheels/tires were not properly repaired, replaced, and/or affixed.

14.

Defendant's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II – IMPUTED LIABILITY

15.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

16.

The individual(s) who negligently repaired, replaced, inspected, and/or affixed the subject tires/wheels was an employee and/or agent of Defendant Loves Travel Stops at all times relevant hereto.

17.

At all times relevant hereto, the individual(s) was acting within the scope of his or her employment and/or agency with Defendant Loves Travel Stops.

18.

Defendant Loves Travel Stops is responsible for the actions of the individual(s) it employed whose negligent actions/omissions ultimately led to the collision described in this complaint under the doctrine of respondeat superior and/or agency.

## COUNT III – NEGLIGENT HIRING, TRAINING & SUPERVISION

19.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

20.

Defendant Loves Travel Stops was negligent in hiring the individual(s) who negligently repaired, replaced, inspected, and/or affixed the wheels/tires on the subject trailer.

21.

Defendant Loves Travel Stops was negligent in failing to properly train the individual(s) who negligently repaired, replaced, inspected, and/or affixed the wheels/tires on the subject trailer.

22.

Defendant Loves Travel Stops was negligent in failing to properly supervise the individual(s) who negligently repaired, replaced, inspected, and/or affixed the wheels/tires on the subject trailer.

23.

Defendant Loves Travel Stops' negligence was the sole and proximate cause of the collision, and Plaintiff's injuries.

## COUNT IV – DAMAGES

24.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

25.

As a result of Defendant's negligence, Plaintiff suffered multiple injuries including a neck injury which required surgery and lacerations to his head and body.

26.

As a result of Defendant's negligence, Plaintiff has a claim for past medical expenses, future medical expenses, and past and future lost wages.

27.

As a result of Defendant's negligence, Plaintiff has suffered immensely and will continue to suffer and has a claim for past and future pain and suffering.

28.

Defendants' negligence is the sole and proximate cause of these injuries.

## **COUNT V – PUNITIVE DAMAGES**

29.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 28 above as if fully restated.

30.

Defendant's conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff prays that he have a trial on all issues and judgment against Defendant as follows:

a. That Plaintiff Steven Card recover for past and future medical expenses and lost wages in an amount to be proven at trial;

b. That Plaintiff Steven Card recover for his past and future physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.    That the Plaintiff recovers punitive damages in an amount to be

determined by the enlightened conscience of a jury;

d.    That Plaintiff recovers such other and further relief as is just and proper

This 4<u>th</u> day of February, 2021.

Respectfully Submitted,

**THE SIMON LAW FIRM P.C.**


By: *<u>/s/ Harrison W. Spires</u>*
**HARRISON W. SPIRES**
Georgia Bar No. 940882
**CHRISTOPHER M. SIMON**
Georgia Bar No. 646922

2860 Piedmont Road NE
Atlanta, Georgia 30305
(678) 608-2788
Fax: (404) 841-8534
Email:  Harrison@simon.law
Email:  cms@simon.law

*Attorneys for Plaintiff*